UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EDWARD LEE MORGAN, SR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:24-cv-00688 (UNA) |
| | ) | |
| AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiffs' letter and memorandum ("Compl."), ECF No. 1, generously construed as a complaint, and plaintiffs' memorandum seeking a fee waiver ("IFP App."), ECF No. 2, generously construed as an application for leave to proceed *in forma pauperis* ("IFP"). For the reasons explained below, the court denies the IFP application and dismisses this matter without prejudice.

Plaintiff Edward Lee Morgan Sr., proceeding *pro se*, a "former Vice President of EMS Operations and Chairman of the Election Committee" of the American Federation of Government Employees' ("AFGE") Local 3721 Union, attempts to bring this matter on behalf of himself and multiple other individuals, against the AFGE's national offices, its President, and officials affiliated with Local 3721. *See* Compl. at 1, 9–127. Morgan alleges that Local 3721 and its recent leadership have engaged in myriad wrongdoing, including, breach of fiduciary duty, breach of contract, conflicts of interest, embezzlement, voting fraud, tax fraud, hate crimes, and union busting, and that AFGE's national executive board has failed to protect members of Local 3721 from these bad acts, or to properly represent them. *See id.* at 1–8. Morgan contends that he has conveyed much of this information to multiple federal agencies, and that he has been working

cooperatively with them, *see id*. at 1–3, but he now demands that "the U.S. Courts . . . [also] conduct an investigation into these allegations[,]" *see id*. at 4. Morgan faces hurdles here that cannot be overcome.

To initiate this case, Morgan has filed a letter and memorandum, which he may not do; he must file a civil complaint. *See* Fed. R. Civ. P. 3, 7(a)–(b); *see also In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (citing Fed. R. Civ. P. 3); *Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002). Even generously construing his submission as a complaint, it cannot survive dismissal. The submission is neither titled, nor is it captioned for this court, *see* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(g), and it is only signed by Morgan and none of the other intended plaintiffs, *see* Fed. R. Civ. P. 11(a).

Assuming *arguendo* that Morgan's submission satisfied the applicable pleading rules, notably, he cannot bring this matter as a class action, or otherwise, on behalf of the other plaintiffs, because a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom*. *Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Even if Morgan had filed this matter individually, this matter still could not survive, because this court is without jurisdiction to "investigate" a criminal matter or to compel the government to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (citations omitted); *see also Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision whether to prosecute, and for what offense, rests solely with the Executive Branch. *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).

Finally, Morgan has filed a memorandum seeking a fee waiver. *See generally* IFP App. His submission does not, however, contain any of the required information about his financial circumstances. *See id.* § 1915(a)(1); Short Form (AO 240). Without properly detailed IFP applications, the court lacks the information by which it may assess whether plaintiff qualifies for IFP status.

For all of these reasons, Morgan's memorandum seeking a fee waiver, ECF No. 2, is denied, and this case is dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date:  May 6, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge